## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JAMES CABLE FRYMER,** | : | **PRISONER CIVIL RIGHTS** |
| **Plaintiff,** | : | **42 U.S.C. § 1983** |
| | : | |
| **v.** | : | |
| | : | |
| **COMMISSIONER BRIAN** | : | **CIVIL ACTION NO.** |
| **OWENS, et al.,** | : | **1:15-CV-1561-ODE-AJB** |
| **Defendants.** | : | |

### UNITED STATES MAGISTRATE JUDGE'S ORDER
### AND FINAL REPORT AND RECOMMENDATION

Plaintiff, James Cable Frymer, currently confined in Autry State Prison, in Pelham, Georgia, has submitted a civil rights complaint against Commissioner Brian Owens and others and by separate Order was granted *in forma pauperis* status. The matter is now before the Court on the complaint, [Doc. 1], for screening under 28 U.S.C. § 1915A. For the following reasons, the Court **RECOMMENDS** that Defendant Brian Owens be **DISMISSED** and that this action be transferred to the Rome Division of the Court.

### I.    28 U.S.C. § 1915A Standard

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim

on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  A claim is frivolous when it "lacks an arguable basis either in law or in fact."  *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)) (internal quotation marks omitted).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  "A plaintiff . . . must plead facts sufficient to show that her claim has substantive plausibility" and inform the defendant of "the factual basis" for the complaint.  *Johnson v. City of Shelby*, _ U.S. _, 135 S. Ct. 346, 347 (2014).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff.  *Franklin v. Curry*, 738 F.3d 1246, 1248 (11th Cir. 2013); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations).  Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers.  *Bingham*, 654 F.3d at 1175.  Although courts show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69

2

(11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)) (internal quotation marks omitted), *cert. denied*, _ U.S. _, 135 S. Ct. 759 (2014).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that (1) a person acting under color of state law (2) deprived him of a right secured by the Constitution or federal law. *Bingham*, 654 F.3d at 1175. If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); *see also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. __Discussion__

Plaintiff brings this action against Commissioner Brian Owens, Warden Crickmire at Hays State Prison, and CERT[1] Officer Holloway and CERT Sergeant

---

[1]     CERT generally refers to Community or Correctional Emergency Response Team.

Elwin, also associated with Hays State Prison.  (Compl. ¶ III, ECF No. 1.)  Plaintiff alleges the following events, much of which he states was recorded or witnessed by approximately ten other inmates.  (*Id.* ¶ IV.)

On May 19, 2014, officers were escorting Plaintiff and other inmates from a kitchen detail back to their dorms.  (*Id.*)  The Warden, other staff, and CERT Officers also were in the hallway.  The prisoners were told by the CERT Sergeant to "get on the wall[,]" and they were patted down.  Food items sold at the prison store were removed from Plaintiff, and when Plaintiff asked the CERT Sergeant for a receipt, the Sergeant told Plaintiff to get on the wall and that he was tired of his "*" and was going to lock Plaintiff up.  The Sergeant grabbed Plaintiff's wrist and started yelling "stop resisting" and slammed Plaintiff to the ground, although Plaintiff had not resisted.  The CERT Officer handcuffed Plaintiff.  The Sergeant had his knee and whole body weight on Plaintiff's throat.  After Plaintiff was cuffed, the Sergeant stood up part way and came straight down with his knee on Plaintiff's jaw.  The force driving Plaintiff's jaw into the sidewalk caused blood to start pouring out of Plaintiff's mouth. The CERT Officer and Sergeant took Plaintiff to medical, where he was strapped down.  Plaintiff told the nurse that he believed that his teeth were knocked out and his jaw might be broken. When the nurse ignored Plaintiff and stated that he was fine, Plaintiff started yelling

4

and asking for mental health to be called.  The Sergeant stated that he did not care who

Plaintiff wanted, and the CERT Officer, Holloway, shot Plaintiff for eight seconds in

the chest with a tazer.  The Sergeant told Plaintiff to "shut up" or he would have him

tazered again.  Plaintiff was taken to a "strip cell" and was seen by an investigator from

mental health.  The next day, Plaintiff was again taken to medical.  Plaintiff was told

that his jawbone was broken, and he was sent to Augusta Medical Prison.  Plaintiff has

received two surgeries and three of his teeth have been pulled.  (*Id.*)  Among other

things, Plaintiff seeks monetary compensation.  (*Id.* ¶ V.)

A supervisor is liable for the actions of his subordinates under § 1983 only "if

he personally participates in the act that causes the constitutional violation or where

there is a causal connection between his actions and the constitutional violation that his

subordinates commit."  *Am. Fed'n of Labor  v. City of Miami*, 637 F.3d 1178, 1190

(11th Cir. 2011).  A causal connection may be shown (1) if the supervisor is on notice

of historical widespread abuse and fails to take corrective action, (2) if the supervisor

has a custom or policy that results in the alleged violation, or (3) if "facts support an

inference that the supervisor directed the subordinates to act unlawfully or knew that

the subordinates would act unlawfully and failed to stop them from doing so."  *Cottone*

*v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks omitted).

AO 72A
(Rev.8/8
2)

Plaintiff alleges nothing against Brian Owens, former Commissioner of the Georgia Department of Corrections, which shows that he personally participated in the alleged violence against Plaintiff or that there is a causal connection between any action or inaction by Owens and the alleged violence.  Owens must be dismissed from this action.  The alleged used of excessive force occurred at Hays State Prison, and the only remaining Defendants are associated with Hays State Prison, which is located in Trion, Georgia, in Chattooga County, within the Rome Division of this Court.  Accordingly, upon the dismissal of Owens as a Defendant, this action should be transferred to this Court's Rome Division.  *See* 28 U.S.C. §§ 1391(b) & 1406(a).

### III.   <u>Conclusion</u>

The Clerk of Court is **DIRECTED** to add CERT Officer Holloway and CERT Sergeant Elwin as defendants in this action.  (*See* Compl. ¶ III.)

For the reasons stated above,

**IT IS RECOMMENDED** that all claims against Brian Owens be **DISMISSED** and that the remaining portion of this action be transferred to the United States District Court for the Northern District of Georgia, the Rome Division.

The Clerk is **DIRECTED** to terminate the referral of this action to the undersigned Magistrate Judge.

AO 72A
(Rev.8/8
2)

IT IS SO RECOMMENDED and DIRECTED, this  30th  day of   June  , 2015.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

7