IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| JAMES CABLE FRYMYER,<br>    Plaintiff pro se, | ::<br>:: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| CERT OFFICER HOLLOWAY; and<br>CERT SERGEANT ELWIN,<br>    Defendants. | ::<br>::<br>:: | CIVIL ACTION NO.<br>4:15-CV-0142-HLM-WEJ |

## ORDER

The matter is before the Court on plaintiff's second Motion for the Appointment

of Counsel [29], Memorandum of Law in Support [30], and Motion to Compel

Discovery [31].  Plaintiff maintains that appointed counsel is necessary because this

case is complex and involves several different legal claims, that it may require expert

medical testimony, that conflicting testimony will be presented at trial, that significant

discovery is necessary, that plaintiff has only a ninth grade education and no legal

education, and that his access to the law library is limited to two hours per week.

"A plaintiff in a civil case has no constitutional right to counsel." Bass v. Perrin,

170 F.3d 1312, 1320 (11th Cir. 1999).  A district court may, however, exercise its

broad discretion to appoint counsel for an indigent plaintiff, under 28 U.S.C.

§ 1915(e)(1).  Bass, 170 F.3d at 1320.  "The appointment of counsel . . . is justified

only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." <u>Dean v. Barber</u>, 951 F.2d 1210, 1216 (11th Cir. 1992) (citation omitted).

This case is proceeding only on plaintiff's claim that Officer Holloway and Sergeant Elwin used excessive force against plaintiff on May 19, 2014, (Order of September 15, 2015 [12]), and discovery in this case ends on May 26, 2016.  (Order of Feb. 9, 2016 [27].)  The Court finds that the issue in this case is neither novel nor complex and that plaintiff's pleadings demonstrate his ability to adequately represent himself.  Plaintiff has simply not shown exceptional circumstances that presently require the appointment of counsel.  That plaintiff, like any other litigant, would be "helped by the assistance of a lawyer" is not sufficient to require appointment. <u>Bass</u>, 170 F.3d at 1320.  Accordingly, plaintiff's second Motion for the Appointment of Counsel [29] is **DENIED**.

Plaintiff's Motion to Compel Discovery [31] states only that he seeks an order compelling defendants "to produce for inspection and copying the documents requested on January and again on April 11, 2016." However, the Local Rules require that a motion to compel discovery (1) include a certification stating that the movant conferred in good faith, or attempted to confer, with the party who failed to respond

2

to discovery, (2) quote verbatim each discovery request to which objection is taken, (3) state the specific objection, (4) state the grounds for the objection, and (5) cite authority and discuss the reasons assigned as supporting the motion.  N.D. Ga. R. 37.1(A); see also Fed. R. Civ. P. 37(d)(1)(B).  Plaintiff's one-sentence motion meets none of these requirements.  Because plaintiff has not shown that he is entitled to an order compelling discovery, his Motion to Compel Discovery [31] is **DENIED**.

**SO ORDERED** this 9th day of May, 2016.

_Walter E. Johnson_

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)