IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| JAMES CABLE FRYMYER,<br>Plaintiff pro se,<br><br>v.<br><br>CERT OFFICER HOLLOWAY; and<br>CERT SERGEANT ELWIN,<br>Defendants. | ::<br>::<br>::<br>::<br>::<br>::<br>::<br>:: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983<br><br><br><br>CIVIL ACTION NO.<br>4:15-CV-0142-HLM-WEJ |

**ORDER**

This case is proceeding on plaintiff's claims that Sergeant Illa and Officer Holloway used excessive force against plaintiff on May 19, 2014. (Order of Sept. 15, 2015 [12].) The matter is now before the Court on plaintiff's Motion for Leave to File an Amended Complaint [36] and proposed Amended Complaint [36-1], which plaintiff filed on May 24, 2016. Plaintiff seeks to add Officer Shannon, who allegedly was present during the relevant events of May 19, 2014, as a defendant to this action. (Mot.; Am. Compl. 1, 3-5.)

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would

cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (citation omitted). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam) (citation omitted).

The Court finds that plaintiff's proposed amendment is unduly late because he filed it two years after the alleged events occurred, more than a year after his initial complaint, eight months after the Court completed its frivolity review, and just two days before the discovery period expired and because plaintiff has not alleged when he discovered Officer Shannon's name. See Butler v. Prison Health Servs., Inc., See Butler v. Prison Health Servs., Inc., 294 F. App'x 497, 500 (11th Cir. 2008) (per curiam) (concluding that district court did not abuse its discretion in denying prisoner's motion to amend his 42 U.S.C. § 1983 complaint where the motion "was filed more than three months after the district court conducted its frivolity review"); Carruthers v. BSA Adver., Inc., 357 F.3d 1213, 1218 (11th Cir.2004) (per curiam) (finding no abuse of discretion when plaintiff provided no explanation "why the interests of justice

required leave to amend . . . [or] why she could not have discovered and pled [her claim] in her original complaint or in her first amended complaint.").

Plaintiff's proposed amendment is also futile. Plaintiff does not allege that Officer Shannon actually participated in the alleged attacks and further has not alleged sufficient facts to show that the officer was physically able and had a realistic chance to intervene in time to protect plaintiff. See Terry v. Bailey, 376 F. App'x 894, 896 (11th Cir. 2010) (per curiam) (Although "[p]rison correctional officers may be held directly liable under § 1983 if they fail or refuse to intervene when a constitutional violation occurs in their presence[,] . . . in order for liability to attach, the officers must have been in a position to intervene.").

Accordingly, plaintiff's Motion for Leave to File an Amended Complaint [36] is **DENIED**.

**SO ORDERED** this 13th day of June, 2016.

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE



AO 72A
(Rev.8/82)