**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| **JAMES CABLE FRYMYER** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO:** |
| **v.** | ) | **4:15-CV-142** |
| | ) | |
| | ) | |
| **COMMISSIONER BRIAN OWENS,** | ) | |
| **et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**AMENDED DEFENDANTS' PRETRIAL ORDER**

COME NOW Defendants, Lieutenant Gabriella Illa and Correctional Officer Mark Holloway, by and through counsel, the Attorney General for the State of Georgia, and herby submit their Amended Pre-Trial Order as follows:

1.

There are no motions or other matters pending for consideration by the Court except as noted:

**There are no motions pending at this time. Defendants anticipate filing motions (including motions in limine) regarding Plaintiff's pre-trial order submissions.**

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B).

Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

**All discovery has been completed.  Defendants may take depositions for the preservation of evidence and for use at trial.**

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

**The correct names of these Defendants are as follows:  Lieutenant Gabriel Illa and Correctional Officer Mark Holloway.**

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based on the following code sections.  (When there are multiple claims, list each claim and its jurisdictional basis separately).

**Jurisdiction in this Court is premised on 28 U.S.C. § 1331 for all claims.**

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff: _____Pro se_____

Defendants: _____Kelly Campanella_____

Other Parties: _____None_____

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3(B)(2)(b)).  State below the reasons, if any, why the Plaintiff should not be permitted to open arguments to the jury.

**Defendants do not object to Plaintiff being permitted to make opening and closing arguments to the jury.**

7.

The captioned case shall be tried ( X ) to a jury or ( ___ ) to the court without a jury, or ( __ ) the right to trial by jury is disputed.

**This case is properly decided by a jury with respect to the issue of liability and damages.**

8.

State whether the parties request that the trial to a jury be bifurcated, i.e., that the same jury consider separately issues such as liability and damages.  State briefly the reasons why trial should or should not be bifurcated.

**Defendants do not believe that the trial should be bifurcated.**

9.

Attached hereto as **Attachment "A"** and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which Plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as **Attachment "B-2"** are the general questions which Defendants wish to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-3" are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.

The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any.  Counsel may be permitted to ask follow-up questions on these matters.  It shall not, therefore, be necessary for counsel to submit questions regarding these matters.  The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to plaintiff's voir dire questions:

**As of the date of this submission, Plaintiff has not provided proposed voir dire questions, and thus Defendants are unable to make objections.  To the extent that Plaintiff attempts to submit untimely voir dire questions, Defendants object.**

State any objections to Defendant's voir dire questions:

**Not applicable.**

State any objections to the voir dire questions of the other parties, if any:      N/A

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes.  Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

**Defendants do not object to a 6-person jury.**

13.

State whether there is any pending related litigation.  Describe briefly, including style and civil action number.

**Defendants are unaware of any pending related litigation.**

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence.  All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading.  In negligence cases, each and every act of negligence relied upon shall be separately listed.  For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation or any decision authorizing a recovery for that particular item of damage.  Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as **Attachment "D"** is the Defendants' outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence.

All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulating and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

17.

The legal issues to be tried are as follows:

Defendants:

1) Whether force was used on Plaintiff Frymyer by Defendant Illa?

2) Whether force was used on Plaintiff Frymyer by Defendant Holloway?

3) If force was used by Defendant Illa, whether it was applied in a good faith effort to maintain or restore discipline, or whether the force applied was malicious and sadistic for the purpose of causing harm?

4) If force was used by Defendant Holloway, whether it was applied in a good faith effort to maintain or restore discipline, or the whether force applied was malicious and sadistic for the purpose of causing harm?

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment **"F-2"** for the Defendants, and Attachment "F-3". etc. for all other parties is a list of all witnesses and their addresses for each party. This list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial.  Expert (any witness whom might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included.  Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.  Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses who should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment **"G-1"** for the plaintiff, **"G-2"** for the defendant, and **G-3",** etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial.  Learned treatises which are expected to be used at trial shall not be admitted as exhibits.  Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the including of any alphabetical or numerical subparts.  Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes.  A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendants' exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised.  Objections as to authenticity, privilege, competency, and to the extent possible, relevancy of the exhibits shall be included.  Any listed document to which an objection is not raised shall be deemed to have been stipulated as to be authentic by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial.  Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all parties or permission of the court.  Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial.  Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition.

**At this time, Defendants do not anticipate introducing deposition testimony at trial except for impeachment purposes. In the event that it becomes necessary, Defendants may take the deposition of a witness for the preservation of evidence and for use at trial, as discussed in paragraph 2 above.**

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial.  Objections not perfected in this manner will be deemed waived or abandoned.  All depositions shall be reviewed by

counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenograph means or videotape, shall not go out with the jury.

### 21.

Attached hereto as Attachments "H-1" for the plaintiff, **"H-2"** for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

### 22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely file and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

### 23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the considerations of the court.

### 24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side.  Should any party desire any additional time for argument, the request should be noted (and explained) herein.

**Defendants do not request additional time for argument.**

### 25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

### 26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on ___N/A*___, 20__, to discuss in good faith the possibility of settlement of this case.  The court (_____) has or ( X ) has not discussed settlement of this case with counsel.  It appears at this time that there is:

(____)	**A good possibility of settlement.**

(____)	**Some possibility of settlement.**

(____)	**Little possibility of settlement.**

( X )	**No possibility of settlement.**

**\*  This case is exempted from LR 16.3 because Plaintiff is *pro se*.**

### 27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

### 28.

The plaintiff estimates that it will require _____ days to present its evidence. The defendants estimate it will require 1 day to present its evidence.  The other parties estimate that it will require ___ days to present their evidence.   It is estimated that the total trial time is 1 to 2 days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (_____) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____  day of _____, 2016.


_____
HAROLD L. MURPHY
United States District Judge


The undersigned counsel for Defendants hereby consents to entry of the foregoing

pretrial order, which has been prepared in accordance with the form pretrial order

adopted by this court.


SAMUEL S. OLENS          551540
Attorney General


KATHLEEN M. PACIOUS      558555
Deputy Attorney General


DEVON ORLAND             554301
Senior Assistant Attorney General


/s/Kelly Campanella_____
KELLY CAMPANELLA         360501
Assistant Attorney General


PLEASE ADDRESS ALL
COMMUNICATIONS TO:
Kelly Campanella
State Law Department
40 Capitol Square SW
Atlanta, GA  30334
Tel: (404) 463-8850
Fax: (404) 651-5304
Email: kcampanella@law.ga.gov

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

This the 22nd day of August, 2016.


/s/Kelly Campanella
KELLY CAMPANELLA          360501
Assistant Attorney General



PLEASE ADDRESS ALL
COMMUNICATIONS TO:
Kelly Campanella
State Law Department
40 Capitol Square SW
Atlanta, GA  30334
Tel: (404) 463-8850
Fax: (404) 651-5304
Email: kcampanella@law.ga.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2016, I electronically filed the foregoing

**AMENDED DEFENDANTS' PRETRIAL ORDER** with the Clerk of Court

using the CM/ECF system and that I mailed by United States Postal Service first-

class postage prepaid the document to the following non-CM/ECF participant:

James Cable Frymyer
GDC No.: 945654
Rogers State Prison
1978 Ga. Hwy 147
Reidsville, GA 30453

/s/Kelly Campanella
KELLY CAMPANELLA        360501
Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
Kelly Campanella
State Law Department
40 Capitol Square SW
Atlanta, GA  30334
Tel: (404) 463-8850
Fax: (404) 651-5304
Email: kcampanella@law.ga.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| **JAMES CABLE FRYMYER** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO:** |
| **v.** | ) | **4:15-CV-142** |
| | ) | |
| | ) | |
| **COMMISSIONER BRIAN OWENS,** | ) | |
| **et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ATTACHMENT A
Defendants' Proposed Questions Regarding Juror's
Legal Qualifications to Serve**

1)   Are any of you related by blood or marriage to one of the parties in this case?

James Cable Frymyer, Plaintiff

Lieutenant Gabriella Illa, Defendant

Correctional Officer Mark Holloway, Defendant

2)   Are any of you related by blood or marriage to any witness in this case?

3)   Have you ever been convicted of a felony?

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| **JAMES CABLE FRYMER** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO:** |
| **v.** | ) | **4:15-CV-142** |
| | ) | |
| | ) | |
| **COMMISSIONER BRIAN OWENS,** | ) | |
| **et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ATTACHMENT B-1 (Plaintiff's voir dire)

Plaintiff is *pro se* and the parties have been excused from consolidating their proposed pretrial order.  Plaintiff has not provided Defendants' counsel with proposed voir dire, and therefore Defendants are unable to note their objections. To the extent that Plaintiff attempts to submit untimely voir dire questions, Defendants object.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| **JAMES CABLE FRYMYER** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO:** |
| **v.** | ) | **4:15-CV-142** |
| | ) | |
| | ) | |
| **COMMISSIONER BRIAN OWENS,** | ) | |
| **et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ATTACHMENT B-2

### Defendants' Proposed Voir Dire

1)      Does any juror know or have you ever met the Plaintiff or Defendants?

        James Cable Frymyer, Plaintiff

        Lieutenant Gabriel Illa, Defendant

        Correctional Officer Mark Holloway, Defendant

     If so, describe the nature of your relationship.

2)      Has any juror had prior experience as a member of a jury?

     If so, were you able to reach a verdict?

3)      Has any juror ever been a party to a lawsuit?

     a) If yes, were you a plaintiff or defendant?

     b) Was the lawsuit in federal or state court?

4)    Has any juror ever brought a claim for violation of any civil or constitutional right?

    If so, what type of claim did you bring and what was the result?

5)    Have you ever been a party to a lawsuit against the State of Georgia or an employee thereof?

    If so, what type of claim did you bring and what was the result?

6)    Has a relative or friend ever been a party to a lawsuit against the State of Georgia or any employee thereof?

7)    Have any of you ever been a witness in any legal proceeding?

    If so, when and in what type of proceeding was your testimony given?

8)    Do you have any legal training or have you ever worked in a law office?

    If so, please describe.

9)    Does any juror have any educational background or work experience in with a correctional facility, state prison, county facility or jail of any kind?

    If so, please describe.

10)   Have you or any member of your family received training as a law enforcement officer or a correctional officer?

11)   Do you have any strong feelings, attitudes, or opinions about how jails, prisons, or correctional facilities are run?

12)    Have you, or any member of your family or any of your close personal friends ever had an experience with a prison, jail, correctional facility, or a correctional officer?

13)    Do you have any strong feelings, attitudes, or opinions about correctional employees or individuals employed in law enforcement?

14)    In a civil suit, the plaintiff has the burden of proof and must prove his allegations by a preponderance of evidence.  Does any member have a problem with holding the plaintiff to this burden?

15)    Does any juror know of any reason why you cannot fairly and impartially try the issues of this case solely on the evidence presented and the law as given to you by the Court, if selected to serve on the jury?

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| **JAMES CABLE FRYMER** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO:** |
| **v.** | ) | **4:15-CV-142** |
| | ) | |
| | ) | |
| **COMMISSIONER BRIAN OWENS,** | ) | |
| **et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ATTACHMENT D

### Defendants' Summary of the Case

On the morning of May 19, 2014, Officer Illa and Officer Shannon, both members of the Corrections Emergency Response Team known as "CERT,"  were performing random pat-searches on inmates leaving the chow hall at Hays State Prison.   Plaintiff became hostile and aggressive and refused to be searched. Plaintiff resisted all attempts to be placed against the wall to be searched and was eventually taken to the ground by Officer Shannon and Officer Illa. When Officer Illa attempted to place hand restraints on Plaintiff, Plaintiff turned aggressively and began to kick and spit at Officer Illa and other CERT team officers. To prevent any further spitting, kicking, and potential injury to himself and other officers, Officer

Illa then placed his right leg on top of Plaintiff and placed Plaintiff in hand restraints

Officer Illa and Officer Holloway, along with other CERT team officers, then escorted Plaintiff to medical for examination. Upon entering medical, Plaintiff refused to walk any further and dropped to his knees. He again became hostile, spitting, flailing, and verbally threatening staff. Officers  were forced to get a rolling chair to facilitate completing Plaintiff's transport to medical.  Officers attempted to restrain Plaintiff in the chair to keep positive control of Plaintiff. Despite these attempts, Plaintiff was able to continue kicking and rocking in the chair in an apparent attempt to harm himself and potentially others. At that time, Officer Illa gave directions to Plaintiff to stop, and when he refused, gave the direction to deploy a taser.  Officer Holloway delivered a single trigger pull and gained instant compliance from Plaintiff. Plaintiff was then examined by medical and placed in a strip cell.

The use of force in a custodial setting does not violate the Eighth Amendment "as long as it is applied in a good faith effort to maintain or restore discipline and not maliciously and sadistically to cause harm." *Skritch v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002).  To determine whether force was applied maliciously and sadistically to cause harm, the jury will consider: (1) the need for the application of force, (2) the relationship between that need and the amount of

force used, (3) the extent of the prisoner's injuries, (4) the threat reasonably perceived by the officials, and (5) efforts made to temper the severity of the force. *Cockrell v. Sparks,* 510 F.3d 1307, 1311 (11th Cir. 2007).  In considering these factors, the jury should give "a wide range of deference to prison officials acting to preserve discipline and security, including when considering decisions made at the scene of a disturbance." *Id.*

Representative relevant statutes and case law:

42 U.S.C. § 1983;
*Hudson v. McMillian,* 503 U.S. 1 (1992);
*Whitley v. Albers*, 475 U.S. 312 (1986);
*Campbell v. Sikes*, 169 F.3d 1353 (11th Cir. 1999);
*Skritch v. Thornton*, 280 F.3d 1295 (11th Cir. 2002);
*Cockrell v. Sparks*, 510 F.3d 1307 (11th Cir. 2007);

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| **JAMES CABLE FRYMYER** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION NO:** |
| **v.** ) | **4:15-CV-142** |
| ) | |
| ) | |
| **COMMISSIONER BRIAN OWENS,** ) | |
| **et al.** ) | |
| ) | |
| **Defendant.** ) | |

**<u>ATTACHMENT E</u>**

Plaintiff is pro se and the parties have been excused from consolidating their proposed pretrial order.  Thus, there are no stipulated facts.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| **JAMES CABLE FRYMYER** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO:** |
| **v.** | ) | **4:15-CV-142** |
| | ) | |
| | ) | |
| **COMMISSIONER BRIAN OWENS,** | ) | |
| **et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ATTACHMENT F-2**

**Defendants' Witness List**

_Defendants will call the following witnesses:_

None.

_Defendants may call the following witnesses:_

Defendant Gabriel Illa
Lieutenant
Hays State Prison
777 Underwood Drive
Trion, Georgia 30753

Defendant Mark Holloway
Sergeant
Hays State Prison
777 Underwood Drive
Trion, Georgia 30753

Plaintiff
Rogers State Prison

Timothy Shannon
Former Ga. Dept. of Corrections Officer
Home address withheld for security reasons.

Matthew Kennedy
Hays State Prison
777 Underwood Drive
Trion, Georgia  30753

Jody Campbell
Former Ga. Dept. of Corrections Officer
Home address withheld for security reasons.

Billy Porter
Hays State Prison
777 Underwood Drive
Trion, Georgia  30753

Justin Bailey
Former Ga. Dept. of Corrections Officer
Home address withheld for security reasons.

Monica Hill. M.D.
Arrendale State Prison
P.O. Box 58492023 Gainesville Hwy S
Alto, GA 30510

James Blair
Al Burrus Correctional
P.O. Box 5849
1000 Indian Springs Rd
Forsyth, GA 31029

Jayson Quarles
Former Ga. Dept. of Corrections Officer
Home address withheld for security reasons.

Scott Crickmar
Southwest Regional Office
137 Pinewood Rd
Leesburg, GA 31763

Anthony Dewberry
Hays State Prison
777 Underwood Drive
Trion, Georgia  30753

Rachel Hatch, RN
Hays State Prison
777 Underwood Drive
Trion, Georgia  30753

Debra Wright, RN
Former Ga. Dept. of Corrections Registered Nurse
Home address withheld for security reasons.

Cynthia Ditslear, M.D.
3001 Gordon Highway
Grovetown, GA 30813

Medical Administrator
Hays State Prison
777 Underwood Drive
Trion, Georgia  30753

Keeper of the Records Georgia Department of Corrections and/or Hays State
Prison

Keeper of the Records of Coweta County Sheriff's Department

Anyone on Plaintiff's witness list.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | | |
|---|---|---|
| **JAMES CABLE FRYMYER** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO:** |
| **v.** | ) | **4:15-CV-142** |
| | ) | |
| | ) | |
| **COMMISSIONER BRIAN OWENS,** | ) | |
| et al. | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANTS' OBJECTIONS TO G-1 (Plaintiff's Proposed Exhibits)**

Plaintiff is pro se and the parties have been excused from consolidating their proposed pretrial order.  Defendants state the following objections to the copies of Exhibits 1-8 filed with the Court on August 11, 2014:

- **Exhibit 2 – Incident Report and Incident Report Cover Sheet** - As discussed fully  in Attachment H-2,  Subsection D below, Defendants object to the extent Plaintiff intends to use this Exhibit to demonstrate that Defendants and other officers violated  any Georgia Department of Corrections' policies and procedures.  Such testimony is irrelevant.  Section 1983 provides a remedy for a violation of a federally protected right, not a department policy.  *See Baker v. McCollan*, 443 U.S. 137 (1979).  An

officer's alleged failure to follow department policy does not amount to a constitutional violation. *See Knight v. Jacobson,* 300 F.3d 1272, 1276 (11th Cir. 2002); *Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000). (*See also* Att. H-2, Subsection D.) Moreover, there is a substantial danger that presentation of evidence regarding these policies will confuse the issues, mislead the jury, and waste time.

- **Exhibit 3 – Disciplinary Reports –** The presence of a disciplinary report or the outcome thereof is irrelevant to the limited issue in this action.  Section 1983 provides a remedy for a violation of a federally protected right, entirely independent from an institution's conduct policies or whether a DOC hearing officer found them violated . *See Baker v. McCollan*, 443 U.S. 137 (1979). Similarly, courts have concluded that whether a State criminal charge was brought or the resolution of a State criminal charge is irrelevant. *See Bochove v. Village of Corrales*, 2006 U.S. App. LEXIS 14106, **14-15 (10th Cir. June 6, 2006); *Foltz v. City of Key Largo*, 2011 U.S. Dist. LEXIS 100602, *7-9 (M.D. Fla. Sept. 7, 2011) (fact that charges against Plaintiff were nolle prosequi is irrelevant to the plaintiff's section 1983 excessive force claim.)

- **Exhibit 5 – Augusta State Medical Prison records** (notations dated 6/3/14 through 2/16/15) -  As discussed fully in Attachment H-2, Subsection F

below, Defendant anticipates Plaintiff may try to use these records to testify that he has had to receive continuing care and procedures as a result of the alleged May 19, 2014 incident. To the extent he intends to admit them without the testimony from a competent medical professional authenticating them or linking them to the alleged May 19, 2014 incident, however, Plaintiff's testimony is irrelevant and any exhibits he seeks to introduce are inadmissible hearsay. All evidence, testimony or other reference to any incidents or complaints or to Plaintiff's or any other inmate's conditions of confinement not related to the subject of this complaint should be deemed inadmissible. Fed. R. Evid. 401, 402, and 608.

- **Exhibit 8** - **GDOC Standard Operating Procedure IIB08-001, dated January 15, 2012** – As discussed fully in Attachment H-2, Subsection D below, Defendants object, as this Exhibit seems to serve the sole purpose of demonstrating that Defendants and other officers violated Georgia Department of Corrections' policies and procedures. Such testimony is irrelevant. Section 1983 provides a remedy for a violation of a federally protected right, not a department policy. *See Baker v. McCollan*, 443 U.S. 137 (1979). An officer's alleged failure to follow department policy does not amount to a constitutional violation. *See Knight v. Jacobson,* 300 F.3d

1272, 1276 (11th Cir. 2002); *Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000).  (*See also* Att. H-2, Subsection D.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | | |
|---|---|---|
| **JAMES CABLE FRYMYER** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO:** |
| **v.** | ) | **4:15-CV-142** |
| | ) | |
| | ) | |
| **COMMISSIONER BRIAN OWENS,** | ) | |
| **et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ATTACHMENT G-2

## Defendants' Exhibit List

| Court stamp | Exhibit No. | Description |
|---|---|---|
| | 1 | Incident Report No. 149524 (typed) |
| | 2 | Incident Report No. 149524 (with signatures) (1 page) |
| | 3 | Use of Force Assessment, dated 5/19/14, 10:45 a.m |
| | 4 | Use of Force Assessment, dated 5/19/14, 10:50 a.m |
| | 5 | Disciplinary Report, Failure to Follow Instructions (impeachment only) |
| | 6 | Disciplinary Report, Obstruction of Officer Duties (impeachment only) |
| | 7 | Movement History |
| | 8 | Medical Camera video of incident |
| | 9 | Taser #8 Footage of Incident |
| | 10 | Handheld footage of incident |
| | 11 | Plaintiff's certified convictions |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| **JAMES CABLE FRYMER** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO:** |
| **v.** | ) | **4:15-CV-142** |
| | ) | |
| | ) | |
| **COMMISSIONER BRIAN OWENS,** | ) | |
| **et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ATTACHMENT H-2

### Defendants' Trial Brief (and Motion in Limine)

Defendants submit this trial brief containing citations to legal authority concerning evidentiary questions and other legal issues which they anticipate will arise during the trial of the case.

Defendants provide the following additional citations to legal authority concerning evidentiary questions and other legal issues which may arise at trial. Defendants move *in limine* for the Court to exclude the following from the evidence that is to be presented at trial.

### A. Evidence Regarding any Internal Affairs Investigation

Defendants anticipate that Plaintiff will attempt to offer testimony or other evidence regarding an internal affairs investigation of the May 19, 2014 incident.

The internal affairs investigation, and any witness comments or statements therein, are inadmissible hearsay.  *See* Fed. R. Evid. 602, 802.  Therefore, the investigation and any such comments or statements whether made by Plaintiff or by anyone else should not be admitted into evidence for any reason, unless a valid hearsay exception applies.

In addition, such evidence is irrelevant.  Only relevant evidence, defined as evidence having any tendency to make the existence of any fact that "is of consequence to the determination of the action" more probable or less probable than it would be without the evidence, is admissible.  *See* Fed. R. Evid. 401, 402. "The test for relevancy [is] … the evidence sought to be admitted must tend to make the existence of some fact *to be proved* more or less probable than it would be without the evidence."  *United States v. Dothard*, 666 F.2d 498, 501 (11th Cir. 1982) (emphasis added).  An internal affairs investigation is not an inquiry into the constitutionality of conduct; instead it is an inquiry into entirely different issues concerning employment and departmental policies.   Presentation of statements made in connection with the investigation, which were not collected to determine a constitutional issue, would be irrelevant and might confuse the jury.  Thus, such evidence is inadmissible under Rules 401 and 402.

### B. "Other Act" Evidence

Defendants anticipate that Plaintiff may attempt to present evidence or elicit testimony accusing Defendants of other bad acts to demonstrate a propensity to use excessive force against Plaintiff on May 19, 2014.  Such evidence is improper and should be excluded under Rule 404(b).

FED. R. EVID. 404(b) provides, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  FED. R. EVID. 404(b).  To be admissible under Rule 404(b), the proffered evidence must: (1) be relevant to one of the enumerated issues and not to the defendant's character; (2) the prior act must be proved sufficiently to permit a jury determination that the defendant committed the act; and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice, and the evidence must satisfy Rule 403.  *United States v. Chavez,* 204 F.3d 1305, 1317 (11th Cir. 2000).

The party offering evidence under Rule 404(b) "bears the burden of showing that the proffered evidence is relevant to an issue other than character." *United States v. Youts,* 229 F.3d 1312, 1317 (10th Cir. 2000); *see also Williams v. Asplundh Tree Expert Co.*, 2006 U.S. Dist. LEXIS 7323871, *6, Fed. R. Evid.

Serv. (Callaghan) 509 (M.D. Fla. 2006). "The proponent of the evidence must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the other acts evidence." *Id.*

FED. R. EVID. 401 and 402 work in conjunction to exclude irrelevant evidence. "The test for relevancy [is] … the evidence sought to be admitted must tend to make the existence of some fact *to be proved* more or less probable than it would be without the evidence." *United States v. Dothard*, 666 F.2d 498, 501 (11th Cir. 1982) (emphasis added). In the instant case, Plaintiff cannot demonstrate that any assertion of a prior act of Defendant using excessive force on an inmate is relevant to one of the exceptions set forth in Rule 404(b). Rather, such a proffer would be solely for the purpose of creating an inference that Defendant(s) characteristically engaged in the use of force alleged and acted in conformity with that characteristic on May 18, 2012. "This is precisely the inference that *Rule 404(b)* will not allow." *Luka v. City of Orlando*, 382 Fed. Appx. 840, 842 (11th Cir. 2010) (evidence that 68 complaints of excessive force were filed against officer was inadmissible under Rule 404(b)).

The second prong of this Circuit's Rule 404(b) analysis requires that any proffered prior act be proved sufficiently to permit a jury determination that the Defendant committed the act. *See United States v. Chavez,* 204 F.3d 1305, 1317 (11th Cir. 2000). As set forth by the Supreme Court, "In the Rule 404(b)

context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988). This precludes the offering party's ability to "parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo." *Id.; see also Brooks v. Scheib*, 813 F.2d 1191 (11th Cir. 1987) ("Courts traditionally have harbored strong misgivings about allowing allegations of past wrongdoing to bias judges and juries reviewing new charges. This hostility towards claims of past wrongdoing is especially intense when strong factual support is lacking.") Rather, in order to determine relevance, the trial court "examines all the evidence in the case and decides whether the jury could reasonably find the [prior act] … by a preponderance of the evidence." *Id.* at 690

Here, there is no alleged prior bad act by Defendants that Plaintiff could show with the level of proof required. Plaintiff has not identified any witness or evidence demonstrating that a prior excessive use of force occurred. Therefore, no other acts evidence should come into evidence in this case. *See Hooks v. Langston*, 2007 U.S. Dist LEXIS 45737, *3 (S.D. Ga. 2007) (excluding testimony and evidence regarding unsubstantiated beatings); *Graham v. Burns*, 2007 U.S. Dist LEXIS 49682, *18 (S.D. Ga. 2007) ("all prior bad acts evidence must be established by sufficient proof to permit a jury finding that the defendant

committed the extrinsic act.")

Finally, FED. R. EVID. 403 provides, "[A]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Admitting evidence of other allegations against Defendant in this action would lead to undue prejudice, confusion of the issues, misleading of the jury, undue delay and wasting of time that substantially outweighs any probative value.  "Proof of prior incidents or occurrences are not easily admitted into evidence, since they can often result in unfair prejudice, consumption of time and distraction of the jury to collateral matters."  *Uitts v. General Motors Corp.*411 F. Supp. 1380, 1383 (E.D. Pa. 1974), *aff d*., 513 F.2d 626 (3d Cir. 1975).  As explained in *Uitts*,

> Defendant, in order to minimize the prejudicial effect of [the evidence of other incidents], would have had to go through each one individually with the jury. The result would have been a mini-trial on each of the thirty-five complaints offered by plaintiffs. This would lengthen the trial considerably and the minds of the jurors would be diverted from the claim of the plaintiffs.

*Id.*

As in *Uitts*, permitting Plaintiff to proffer unsubstantiated allegations of excessive use of force by Defendants in this case will divert the jurors from the claim at issue in this action:  whether excessive force was used against Plaintiff by

Defendants as alleged on May 19, 2014.   Moreover, the probative value of allegations or evidence regarding other alleged bad acts is substantially outweighed by the danger of unfair prejudice where there is no demonstrated substantiation of the other acts.  *See Phillips v. City of New York*, 871 F. Supp. 2d 200, 203 n.2 (E.D. NY 2012).  Accordingly, whatever minimal probative value such evidence might have is substantially outweighed by various negative effects that Rule 403 protects against.

### C. "Other Act" Evidence -- Pertaining to Other Correctional Officers

Plaintiff may attempt to argue that he has been subjected to abuse by other officers while in the custody of the Georgia Department of Corrections.  Such evidence would be inadmissible because: (1) the evidence is not relevant or probative on any disputed issue in this case, *see* Fed. R. Evid. 402; (2) the evidence constitutes other bad act evidence as described above, *see* Fed. R. Evid. 404(b); and (3) the evidence is independently excludable because any probative value it could have will be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue consumption of time it, *see* Fed. R. Evid. 403.

Whether or not other officers at other times used force against Plaintiff, or committed any other act that Plaintiff deems wrongful, does not prove or disprove that these Defendants used excessive force on Plaintiff on May 19, 2014.  Further, as stated above, in order to properly rebut any such evidence Defendants would

have to call the officers involved in those other incidents; present documents associated with those cases; and conduct a mini-trial diverting the jury's attention from the relevant inquiry in this case -- whether Plaintiff was subjected to an excessive use of force by these Defendants on May 19, 2014.

### D. Evidence Regarding Alleged Violations of Department Policy

Plaintiff may attempt to testify that the Defendants or other officers violated Georgia Department of Corrections' policies and procedures. Such testimony is irrelevant. Section 1983 provides a remedy for a violation of a federally protected right, not a department policy. *See Baker v. McCollan*, 443 U.S. 137 (1979). An officer's alleged failure to follow department policy does not amount to a constitutional violation. *See Knight v. Jacobson,* 300 F.3d 1272, 1276 (11th Cir. 2002); *Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000).

The policies of the Georgia Department of Corrections do not establish a constitutional right. Thus, testimony regarding any alleged policy violation is irrelevant and inadmissible under Fed. R. Evid. 402. Further, allowing testimony of any alleged violations of policy would confuse the jury as to the standard in the case possibly causing them to infer that a violation of the Department's policy is tantamount to constitutional violation giving rise to liability in the case. Thus, such evidence also would be unfairly prejudicial and should be excluded under Fed. R. Evid. 403.

### E. Evidence Regarding Other Claims

The only claim alleged in the Complaint (Doc. 1) is that Defendants Illa and Holloway allegedly used excessive force against Plaintiff on  May 19, 2014. Yet, in various pleadings and other filings, Plaintiff has made implications of other claims.  For example, in  his Complaint, he suggests that he received insufficient medical  attention from the Hays SP nurse examining his jaw.

Yet this Court, pursuant to its 1915A review, this Court has recommended that only the excessive use of force claim against Defendants Illa and Holloway should  proceed  and  all  other  allegations  Plaintiff's  Complaint  were  either screened out  or superseded. No claims beyond the excessive use of force claim as to Defendants Illa and Holloway were permitted to proceed.

Allowing Plaintiff to present evidence and testimony at trial regarding whether he was given sufficient mental health treatment would be irrelevant and inadmissible under Fed. R. Evid. 402 as the only claim at issue is a use of force claim for an incident that occurred on May 19, 2014.  Moreover, evidence regarding a claim for denial of medical treatment, would confuse the jury and be unduly prejudicial to these Defendants.  Evidence regarding other claims should be excluded under Fed. R. Evid. 403.

### F. Evidence, Testimony, or References to Medical Conditions or Treatment Unconnected to the Subject Incident

Defendant anticipates Plaintiff may try to testify that he has had to receive continuing care and procedures as a result of the alleged May 19, 2014 incident. Without any testimony from a competent medical professional authenticating any subsequent medical records or linking them to the alleged May 19, 2014 incident, Plaintiff's testimony is irrelevant and any exhibits he seeks to introduce are inadmissible hearsay. All evidence, testimony or other reference to any incidents or complaints or to Plaintiff's or any other inmate's conditions of confinement not related to the subject of this complaint should be deemed inadmissible. Fed. R. Evid. 401, 402, and 608.

Even assuming *arguendo* that such evidence is deemed relevant, it should still be excluded. Federal Rule of Evidence 403 provides that although relevant, evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

### G. Hearsay Statements Should Be Excluded

Any "witness statements" are inadmissible hearsay.  If the declarant testifies at trial and testifies to different facts, then perhaps these items might be admissible for purposes such as impeachment or refreshing the declarant's recollection or

rebutting a charge of recent fabrication. Such statements, however, are inadmissible hearsay to the extent they might be offered for the truth of the matter asserted therein. *See* Fed. R. Evid. 802.

### H. Insurance Coverage

Evidence that Defendants are insured against liability is not admissible as it relates to Defendants' potential liability to Plaintiff. *See* Fed. R. Evid. 411. Whether and how Defendants are insured is irrelevant to the jury's ultimate determinations. Further, reference to the existence or extent of Defendants' liability insurance could also prove highly prejudicial in potentially swaying a jury considering whether Defendants are liable for the actions alleged by Plaintiff. Simply stated, such collateral evidence is irrelevant and prejudicial, and Plaintiff should be barred from offering any such evidence to establish his claims against Defendants.

Plaintiff should be prohibited from making reference to the Department of Administrative Services (or any other entity perceived by Plaintiff as being involved with liability insurance coverage or settlement of the claims in this action) or mentioning insurance coverage applicable to Defendants as any such reference is irrelevant to the issues in this matter. *See* Fed. R. Evid. 401, 402, 403.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | | |
|---|---|---|
| **JAMES CABLE FRYMYER** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO:** |
| **v.** | ) | **4:15-CV-142** |
| | ) | |
| | ) | |
| **COMMISSIONER BRIAN OWENS,** | ) | |
| **et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ATTACHMENT I

### Defendants' Proposed Verdict Form

**PART ONE**

**Do you find from a preponderance of the evidence:**

1. That Officer Illa used force against Plaintiff in the incident on May 19, 2014 <u>and</u> that the force used by Defendant Illa was malicious and sadistic for the purpose of causing harm and not applied in a good faith effort to maintain or restore discipline?

      **Answer Yes or No** _____

      If your answer is "No," this ends your deliberations with respect to Officer Illa, and you should go to PART TWO below. If your answer is "Yes," please go to question 2.

2. That Officer Illa caused Plaintiff to suffer a physical injury that was more serious than a minor injury?

**Answer Yes or No _____**

If your answer is "No," this ends your deliberations with respect to Officer Illa except you may award nominal damages of $1 in question 4. below, and you should go to PART TWO below.  If your answer is "Yes," please answer questions 3-5.


3.     That Plaintiff should be awarded compensatory damages against Officer Illa to compensate Plaintiff for physical injury?

**Answer Yes or No _____**

**If your answer is "Yes,"**

**in what amount? $_____**


4.     That Plaintiff should be awarded compensatory damages against Officer Illa to compensate Plaintiff for emotional injury? (Note: This can only be awarded if you answer "Yes" to question 2. above.)

**Answer Yes or No _____**

**If your answer is "Yes,"**

**in what amount? $_____**

**OR**

That Plaintiff  should be awarded nominal damages of $1 against Officer Illa?

**Answer Yes or No _____**

5.     That Officer Illa acted with malice or reckless indifference to Plaintiff 's federally protected rights and that punitive damages should be assessed against Officer Illa?

**Answer Yes or No** _____

**If your answer is "Yes,"**

**in what amount? $**_____

**Please continue to PART TWO below.**

**PART TWO**

**Do you find from a preponderance of the evidence:**

Holloway
6.  That  Officer Holloway used force against Plaintiff in the incident on May 19, 2014 <u>and</u> that the force used by Officer Illa was malicious and sadistic for the purpose of causing harm and not applied in a good faith effort to maintain or restore discipline?

**Answer Yes or No** _____

If your answer is "No," this ends your deliberations with respect to Officer Holloway, and you should go to PART TWO below.  If your answer is "Yes," please go to question 2.

7.     That Officer Holloway caused Plaintiff to suffer a physical injury that was more serious than a minor injury?

**Answer Yes or No** _____

If your answer is "No," this ends your deliberations with respect to Officer Holloway except you may award nominal damages of $1 in question 4.

below, and you should go to PART TWO below.  If your answer is "Yes," please answer questions 3-5.

8.     That Plaintiff should be awarded compensatory damages against Officer Holloway to compensate Plaintiff for physical injury?

     **Answer Yes or No** _____

     **If your answer is "Yes,"**

     **in what amount? $**_____

9.     That Plaintiff should be awarded compensatory damages against Officer Holloway to compensate Plaintiff for emotional injury? (Note: This can only be awarded if you answer "Yes" to question 2. above.)

     **Answer Yes or No** _____

     **If your answer is "Yes,"**

     **in what amount? $**_____

     **OR**

     That Plaintiff  should be awarded nominal damages of $1 against Officer Holloway?

     **Answer Yes or No** _____

10.     That Officer Holloway acted with malice or reckless indifference to Plaintiff 's federally protected rights and that punitive damages should be assessed against Officer Holloway?

     **Answer Yes or No** _____

     **If your answer is "Yes,"**

**in what amount? $_____**

ur deliberations.  The foreperson should sign and date this form.

SO SAY WE ALL.


_____

Foreperson

DATED:     _____