IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

JAMES CABLE FRYMYER,

    Plaintiff,

v.                    CIVIL ACTION FILE NO.:
                      4:15-CV-0142-HLM

CERT OFFICER HOLLOWAY,

    Defendant.

## ORDER

This case is before the Court on Plaintiff's Motion to Appoint Counsel [48].

Plaintiff has requested that the Court appoint counsel to represent him in this action. (Mot. Appoint Counsel (Docket Entry No. 48).) "A plaintiff in a civil case has no constitutional right to counsel." Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). A district court may, however, exercise its broad discretion to appoint counsel for an indigent plaintiff under 28 U.S.C. § 1915(e)(1). Id.

AO 72A
(Rev.8/82)

"The appointment of counsel . . . is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." <u>Dean v. Barber</u>, 951 F.2d 1210, 1216 (11th Cir. 1992) (citation omitted).

With all due respect to Plaintiff, the facts and legal issues in this case are not so novel or complex as to require the assistance of a trained practitioner. Plaintiff asserts a claim of excessive force, which is neither novel nor complex. Further, Plaintiff's incarceration and lack of a legal education, standing alone, are not exceptional circumstances that presently require the appointment of counsel. Finally, and most importantly, Plaintiff's own efforts to date clearly demonstrate that Plaintiff is more than able to prosecute this case without the assistance of appointed counsel. The Court consequently denies Plaintiff's Motion for Appointment of Counsel.

AO 72A
(Rev.8/82)

ACCORDINGLY, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel [48].

IT IS SO ORDERED, this the 12 day of September, 2016.

_____
UNITED STATES DISTRICT JUDGE